Filed 6/5/25  P. v. Carmona CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B336448 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA082473) |
| v. | |
| JERRY RAYMOND CARMONA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran, Louis W. Karlin and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant and defendant Jerry Raymond Carmona (defendant) appeals from the denial of the petition for resentencing under Penal Code section 1172.6.[1]  He contends the trial court erred in denying his petition at the prima facie stage of the proceedings and in considering him ineligible as a matter of law based upon unrefuted preliminary hearing testimony.  We find no error and affirm the order of denial.

## BACKGROUND

In 2015, defendant and codefendant Vincent Anthony Estrada were charged with murder (§ 187, subd. (a)) and attempted murder (§§ 187, subd. (a), 664), and a preliminary hearing was conducted in July and August 2015.  Firearm enhancements were alleged as to both counts within the meaning of sections 12022.53, subdivisions (b), (c) and (d).  The second amended information added a count (count 4) of voluntary manslaughter (§ 192, subd. (a)) and alleged defendant personally used a firearm in the commission of the offense within the meaning of section 12022.5, subdivision (a), and the crime was committed for the benefit of and in association with a criminal street gang.[2]  Defendant entered into a plea agreement the same day, pleading no contest to voluntary manslaughter and admitting the firearm and gang allegations in exchange for a 25-year prison sentence.  The 25-year term was comprised of 11 years for manslaughter, plus four years for the firearm

---

[1]     All further unattributed code sections are to the Penal Code unless otherwise stated.

[2]     A first amended information was filed earlier on April 20, 2016, but was recalled after the second was filed.

enhancement, and 10 years for the gang enhancement.  The remaining counts and enhancement allegations were dismissed.

**Relevant legal principles applicable to section 1172.6**

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), amending sections 188 and 189, the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  Senate Bill 1437 also enacted former section 1170.95, now section 1172.6, which sets forth a procedure to petition for retroactive relief for those who could not now be convicted of murder under sections 188 and 189 as amended.  (See *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  Effective January 1, 2022, the resentencing procedure was extended to those convicted of manslaughter.  (Stats. 2021, ch. 551, § 2; see § 1172.6, subd. (a).)

A petition must allege three conditions: (1) The charging document "allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine"; (2) "The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder"; and (3) "The petitioner could not presently be convicted of murder or

attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

If the petitioner establishes a prima facie case for relief, the court must issue an order to show cause, conduct an evidentiary hearing and decide whether to vacate the murder conviction and resentence the petitioner on any remaining counts if it finds the petitioner entitled to relief. (§ 1172.6, subds. (c) & (d); *Lewis, supra*, 11 Cal.5th at p. 960.) At the prima facie stage, the allegations of the petition must be accepted as true but, without engaging in factfinding, the trial court may look to the record of conviction to determine whether the allegations have been refuted as a matter of law. If so, no prima facie showing can be made and the petition is properly denied. (*Lewis, supra*, at pp. 971–972.) We independently review the trial court's prima facie determination that a petitioner is ineligible for section 1172.6 relief as a matter of law. (*People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

**Defendant's section 1172.6 petition**

On July 24, 2023, defendant filed a form petition for resentencing pursuant to section 1172.6. The boxes on the form were checked for every printed allegation on the petition, thus complying with section 1172.6, subdivision (b).[3] Defendant's petition was facially sufficient, and thus the trial court properly appointed counsel to represent defendant, received briefing and

---

[3] On January 31, 2022, defendant filed an identical petition under former section 1170.95, and the trial court attempted to appoint a bar panel attorney for defendant, but did not succeed in doing so until after defendant filed his second petition on July 24, 2023. The trial court then ordered the earlier petition deemed moot and proceeded on the July 24, 2023 petition.

4

scheduled a hearing to determine whether defendant had made a prima facie showing of eligibility under section 1172.6. (See *Lewis, supra*, 11 Cal.5th at p. 960.)

The prima facie hearing was held January 10, 2024. Counsel submitted the matter on their respective briefs without further argument. The trial court found uncontroverted evidence in the preliminary hearing transcript showed defendant was the actual shooter and thus ineligible for relief under section 1172.6. The court denied the petition.

Defendant filed a timely notice of appeal from the order of denial.

## DISCUSSION

Defendant contends the trial court erred in relying on facts in the transcript of his preliminary hearing to find him ineligible for relief.

The trial court's denial of the petition was based upon uncontroverted preliminary hearing testimony identifying defendant as the sole shooter of the victim.[4] Eyewitness Brian E. testified he and the victim Francisco Garcia were standing outside a house with several friends, when a black SUV drove up and parked across from them. Defendant got out of the front passenger seat and his codefendant Estrada from the driver's seat. Defendant said something in an angry tone to Garcia and then fired a flare gun into the air. A white sedan then arrived

---

[4]     The court stated defendant "got out of the vehicle, fired a flare gun into the air, and then was handed the firearm by another person who pulled up in a white vehicle, handed him the gun, at which time several shots were discharged and struck the victim."

and parked behind the SUV. The front passenger got out and handed defendant a semiautomatic handgun. Defendant pointed the gun at the group in front of the house and fired approximately nine rounds at them. When the shooting stopped, Brian E. saw Garcia stand up behind the car where he had taken cover. Garcia told defendant, "Put the gun down, Jerry." Defendant fired another shot that struck Garcia in the face. The parties stipulated the autopsy showed Garcia died of a gunshot wound to the head.

"In reviewing *any* part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis, supra*, 11 Cal.5th at p. 972, italics added.) The trial court may deny the petition at the prima facie stage of the proceedings only when the facts in the record of conviction *conclusively* refute the allegations of the petition. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.) "'[A] court should not reject the petitioner's *factual* allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner.""" (*Lewis, supra*, at p. 971, italics added.)

In his opening brief defendant asserts nothing in his record of conviction established, as a matter of law that he was the actual killer, and there was no way to conclude he was the actual killer without weighing the preliminary hearing evidence and making an independent finding. Defendant claims proceeding in such a way at the prima facie stage was "explicitly" prohibited by the Supreme Court in *Lewis*, but defendant fails to reveal on

what page or pages we find such explicit language.  In our independent review we found none.

Briefing was complete in this case prior to the California Supreme Court's recent publication of *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*).  There had been disagreement among the Courts of Appeal as to whether a trial court could properly consider the preliminary hearing transcript at the prima facie stage.  The Supreme Court resolved the issue whether "a court, in determining at the prima facie stage whether a petitioner was convicted under a now-invalid theory, [may] rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations, or would that constitute impermissible judicial factfinding." (*Id.* at p. 564.)  As was explained in *Patton*, "a court may do so." (*Ibid.*)

The facts of this case resemble those found in *Patton*, where the defendant entered a guilty plea, and like defendant here, who entered a no contest plea, filed a form petition consisting of only a checkbox declaration with legal conclusions.  (*Patton, supra*, 17 Cal.5th at pp. 557, 563–564.)  The Supreme Court held: "After determining the facial validity of a resentencing petition and before ordering an evidentiary hearing, a trial court may properly, at the prima facie stage, reference the record of conviction to ""refut[e]"" (*Lewis*, [*supra*,] 11 Cal.5th at p. 971) conclusory allegations in furtherance of its statutorily required screening function at that juncture of a section 1172.6 proceeding." (*Id.* at p. 569.)

We conclude the trial court here did not err, that the preliminary hearing testimony summarized was unrefuted, and it

conclusively established defendant was the sole perpetrator and thus ineligible for relief under section 1172.6 as a matter of law.[5]

## DISPOSITION

The order denying the section 1172.6 petition is affirmed.

_____
CHAVEZ, J.

We concur:

_____
LUI, P. J.

_____
RICHARDSON, J.

---

[5] Respondent's indication of no opposition to remand at oral argument does not affect our analysis.